IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22, et al., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SADLER ELECTRIC, INC., )<br>)<br>Defendant. ) | 8:05CV523<br><br>ORDER |

This matter is before the court on defendant's MOTION FOR LEAVE TO AMEND ANSWER AND SERVE COUNTERCLAIM [22]. In their responsive Brief [31] and Evidence Index [32], plaintiffs object to the motion on grounds of timeliness and unfair prejudice.

The Initial Progression Order [16], filed February 10, 2006, incorporated the parties' agreement that motions to add parties or to amend the pleadings would be due May 2, 2006. On May 18, 2006, counsel participated in a planning conference with the undersigned and a final progression order was entered. The parties did not discuss any need to amend the pleadings or add parties at that time.

The instant motion was not filed until August 1, 2006. Defendant wishes to assert a counterclaim against plaintiff, Omaha Electrical Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund"), and its trustees for overpayments it made to the Apprenticeship Fund from June 2001 to May 2004. Defendant states the counterclaim was not timely filed because of "oversight, inadvertence or excusable neglect" because counsel did not fully understand the nature of the counterclaim until defendant's President was deposed on July 12, 2006.

Plaintiffs point out that defendant's Rule 26(a)(1) initial disclosures, served on March 14, 2006, identified a "chart summarizing overpayments to the Union for the time period of June 2001

to May 2004." Other references to the alleged overpayment were made by the defendant. Plaintiffs argue, persuasively, that "Defendant's counsel clearly understood that an alleged overpayment might exist, based on the Initial Disclosures served and correspondence he had sent." Filing 31 at p. 3.

> Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.' " *Becker v. Univ. of Nebraska at Omaha,* 191 F.3d 904, 907-908 (8th Cir. 1999) (quoting *Brown v. Wallace,* 957 F.2d 564, 566 (8th Cir. 1992)). Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown. *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998). "There is no absolute right to amend." *Id.* (citing *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994)).
>
> .... "[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved." *Bell,* 160 F.3d at 454.

*Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 840-41 (8th Cir. 2004).

In this instance, substantial discovery has been conducted. Defendant's pending motion to amend was not filed sufficiently early to allow rule time response before the summary judgment motion deadline expired. The plaintiffs have already filed a motion for summary judgment, in compliance with the deadline set out in the final progression order. Plaintiffs have also retained an expert witness and timely filed their Rule 26(a)(2) disclosures. The proposed amendments involve new theories of recovery and will impose additional discovery requirements.

Considering these factors, I am persuaded that allowing the defendant to assert a counterclaim at this time would be unfairly prejudicial to the plaintiffs, considering the reasons proffered for its untimely filing.[1]

---

[1] I decline to consider plaintiff's argument that the amendment would be futile because issues of overpayment must be arbitrated under the terms of the parties' collective bargaining agreement. Plaintiffs have not provided any evidentiary support for this argument unless, perhaps, the necessary

Because the defendant has not shown good cause for filing this motion out of time, and because I find that allowing defendant to assert a counterclaim at this stage of the proceeding would be unfairly prejudicial to the opposing parties,

**IT IS ORDERED** that defendant's MOTION FOR LEAVE TO AMEND ANSWER AND SERVE COUNTERCLAIM [22] is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.** *See* NECivR 72.2(d).

**DATED August 22, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**

---

evidence was filed elsewhere.